CAUSE NO. _____

| | | |
|---|---|---|
| **OMNINET CAPITAL, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **PLAINTIFF,** | § | **BEXAR COUNTY, TEXAS** |
| | § | |
| **vs.** | § | **57th JUDICIAL DISTRICT** |
| | § | |
| **AFFILIATED FM INSURANCE COMPANY** | § | |
| | § | |
| **DEFENDANT,** | § | |

**PLAINTIFF'S ORIGINAL PETITION**

**TO THE HONORABLE JUDGE OF SAID COURT**:

COMES NOW, Plaintiff, OMNINET CAPITAL, LLC, ("Plaintiff"), and files this, its Original Petition, and for causes of action against Defendant, AFFILIATED FM INSURANCE COMPANY ("Defendant"), would show unto the Court and the jury the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Tex.R.Civ.P.190.

### B. PARTIES AND SERVICE OF PROCESS

2. Plaintiff owns the property that is the subject of this lawsuit, 4318 Woodcock Drive, San Antonio, Texas 78228, which is situated in Bexar County, Texas.

3. Defendant is an insurance company registered to engage in the business of insurance in the state of Texas.

### C. STATUTORY AUTHORITY

# EXHIBIT A

4. This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.,* Chap. 541.051 *et seq.*, Chap. 542.051 *et se.,* and Tex.Civ. & Rem. Code §38.01 *et seq.*

___

### D. JURISDICTION

5. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

### E. VENUE

7. Venue of this action is proper in the county of suit because the property owned by Plaintiff, and subject of this suit is situated in Bexar County, Texas.

### F. NOTICE AND CONDITIONS PRECEDENT

8. Defendant and/or its agents have been provided notice, in writing, of the claims made by Plaintiff in this Petition, including a statement of Plaintiff's actual damages and expenses in the manner and form required by the insurance contract.

9. All conditions precedent necessary to maintain this action and in order to maintain the claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

---

## G.   FACTS

10. This lawsuit arises out of the following transactions, acts, omissions, and/or events. On August 24, 2013, Plaintiff's property sustained catastrophic damage to its building as result of an earth movement event.

11. At that time of loss, Plaintiff was insured by a policy of insurance provided by Defendant. Plaintiff paid additional premium for its policy to include an Earth Movement Endorsement. The policy was in full force and effect on the date of the earth movement event. A copy of the policy is attached as **Exhibit "1."**

12. All damages and losses to Plaintiff's property were caused by a direct result of a covered peril under the terms and conditions of the insurance policy issued by Defendant.

13. Defendant sold this policy insuring the property in its "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiff.

14. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the earth movement event.

15. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for damages as a result of the earth movement event.

16. Defendant assigned claim number 432725 to Plaintiff's loss.

17. Defendant initially denied Plaintiff's claim.

18. As a result of Defendant initially denying Plaintiff's claim, Plaintiff retained a professional geologist, a professional geotechnical engineer, a professional structural engineer, and a professional contractor to evaluate the cause and origin of the damages and the cost to restore the property to its pre-loss condition.

19. On December 5, 2014, Plaintiff provided Defendant with reports from Structural Engineering and Inspections, Inc. ("SEI") and Integrated Testing and Engineering Company of Austin, Inc. ("InTEC"). A copy of SEI's report is attached as **Exhibit "2."** A copy of InTEC's report is attached as **Exhibit "3."**

20. SEI and InTEC opined earth movement is the cause and origin of the damages to Plaintiff's property. *See Id.*

21. SEI opined that bypass underpinning be utilized to repair the damaged foundation and return the building to its pre-loss condition. *See* **Exhibit "2."**

22. Plaintiff provided Defendant with three different estimates or bids from local foundation contractors to repair the damaged foundation. The following repair estimates/bids to complete the work are attached as **Composite Exhibit "4."**

    a. BAIRD foundation repair estimate totaling $518,973.81.

    b. Stable Lift foundation repair estimate totaling $479,550.00.

    c. RamJack foundation repair estimate totaling $410,843.00.

23. Plaintiff also retained a professional contractor, Southern Restoration Services, LLC ("SRS") to estimate the aboveground damages to the building. SRS' line-by-line repair estimate totals $1,658,394.30 and is attached as **Exhibit "5."**

24. On April 7, 2014, Plaintiff submitted its Sworn Statement in Proof of loss totaling $2,137,944.30. This figure was calculated by adding the middle foundation repair bid from

Stable Lift Foundation Repair and SRS' estimate together. A copy of Plaintiff's Sworn Statement in Proof of Loss is attached as **Exhibit "6."**

25. In April 2014, Defendant, for the first time, retained a geologist to inspect Plaintiff's building.

26. Defendant waited more than one year to retain a professional geologist to inspect the building and more than five months after Plaintiff provided SEI and InTEC's reports.

27. On June 1, 2015, Plaintiff sent Defendant's counsel Plaintiff's Texas Statutory Sixty-Day Notice Letter advising Defendant of its statutory violations. A copy of Plaintiff's Sixty-Day Notice Letter is attached as **Exhibit "7."**

28. On November 11, 2015, Defendant reversed its denial and recognized coverage for Plaintiff's earth movement loss. Indeed, approximately one year after Plaintiff provided Defendant with its geotechnical engineering reports, Defendant paid Plaintiff $351,394.37 in covered damages. A copy of Defendant's November 11, 2015 correspondence is attached as **Exhibit "8."**

29. Despite paying Plaintiff $351,394.37 in covered damages, Defendant did not and has not provided Plaintiff with an estimate to substantiate the basis of its payment despite Plaintiff's requests.

30. Defendant failed in its obligation to provide Plaintiff with Defendant's estimate and basis of payment.

31. Defendant failed to pay statutory interest that is owed.

32. Defendant has failed to pay for the taxable costs required and incurred by Plaintiff in investigating Plaintiff's loss.

33. On November 24, 2015, Plaintiff requested that Defendant reimburse Plaintiff for its expenses related to the proper investigation of Plaintiff's earth movement claim that led to

Defendant reversing Defendant's denial of coverage and providing payment for Plaintiff's loss. Plaintiff paid a total of $68,709.44 in professional fees. A copy of this correspondence is attached as **Exhibit "9,"** that enclosed the following invoices:

- Invoice Number 10614 to Trinity Group     $1,469.00;
- Invoice Number 140602i1 to SEI:           $9,341.20;
- Invoice Number 140602i2 to SEI:           $9,770.00;
- Invoice Number 140602i3 to SEI:           $3,000.00;
- Invoice Number 140602i4 to SEI:           $3,505.80;
- Invoice Number 140602i5 to SEI:           $3,137.50;
- Invoice Number A141281 to InTEC:          $5,700.00;
- Invoice Number A141281-1 to InTEC:        $2,500.00;
    - Total Subsurface Investigation Costs:     $48,423.50.

- SRS Invoice for aboveground estimate:     $20,285.94
    - Total claim expenses based on invoices:   $68,709.44

34. Plaintiff has attempted on numerous occasions to obtain full and complete payment for its covered losses pursuant to the Defendant's insurance policy.

35. Defendant has refused to pay for a portion of Plaintiff's loss under the misunderstanding that the foundation does not need to be restored to its pre-loss condition.

36. Further, Defendant is failing to pay for aboveground damages bases on alleged pre-existing conditions despite Plaintiff providing Defendant with a Property Condition Report completed by Partner Engineering and Science, Inc., dated July 18, 2012 showing that the building was in good condition and the damages being claimed are indeed new and not pre-existing. A copy of Partner Engineering and Science, Inc.'s report is attached as **Exhibit "10."**

37. As a result of Defendant's failure to pay to restore the building to its pre-loss condition, Plaintiff requested Mr. Thomas Miller, P.E. with Structural Engineering and Inspections, Inc. to issue a supplemental report clarifying his position that the building needs to be underpinned "to stabilize and repair the floor slab/foundation of the building to a functional

pre-loss condition and not to alter or stabilize the ground supporting the building. A copy of SEI's February 25, 2016 report is attached as **Exhibit "11."**

38. On April 14, 2016, Plaintiff made available its retained engineer, Mr. Thomas Miller for a teleconference with Defendant.

39. On April 14, 2016, Mr. Thomas Miller answered all of Defendant's questions.

40. On April 14, 2016, Mr. Thomas Miller confirmed his recommendation to underpin the building to restore the foundation to its pre-loss condition.

41. Notwithstanding, on April 22, 2016, Defendant again denied Plaintiff's claim. A copy of Defendant's April 22, 2016 denial letter is attached as **Exhibit "12."**

42. Defendant has failed to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further failed to deal fairly with Plaintiff.

43. Defendant has failed and refused to evaluate the surrounding facts regarding Plaintiff's covered claim.

44. Defendant has refused to repair Plaintiff's damaged foundation.

45. Defendant as refused to pay to stabilize Plaintiff's building.

46. Defendant as refused to pay for aboveground damages resulting from Plaintiff's loss.

47. Defendant has failed or refused and continues to fail or refuse to pay covered claims on a timely basis as required by the insurance policy and as required by the Texas Insurance Code. Instead, Defendant has wrongfully delayed undisputed insurance benefits and denied additional owed insurance benefits when liability for coverage under the policy is reasonably clear.

48. In contrast, Plaintiff has cooperated with every request made by Defendant and has displayed, at reasonable times, all of its relevant records, documents, and building that are subject of Plaintiff's loss.

49. Defendant has persisted in delay or denial to pay the full amounts due for Plaintiff's claim even though a person of ordinary prudence and care would have done otherwise.

50. No reasonable basis exists for Defendant's delay and refusal to provide covered benefits due and owing under the policy.

51. Defendant has misrepresented to Plaintiff that the certain damages to the property were not covered under the terms and conditions of the policy, even though the damages were caused by a covered peril, *i.e.,* earth movement. Specifically, Defendant has refused to repair the damaged foundation and fully indemnify Plaintiff for its aboveground damages.

52. Defendant failed to make an attempt to settle the claim in a fair manner, although Defendant was aware of the liability to Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act. Tex. Ins. Code Sec. 541§060(2).

53. Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim in violation of the Texas Unfair Competition and Unfair Practices Act, Tex. Ins. Code. Sec. 541.060(3). Indeed, Defendant failed to even provide Plaintiff with Defendant's estimate of covered damages.

54. Defendant refused and/or failed to properly evaluate the full extent of the damagers to Plaintiff's property, forcing the Plaintiff to hire its own experts and incur additional expenses. As already stated, Plaintiff has incurred more than $60,000 in expenses paying for a proper evaluation of the damages.

55. Defendant, after conducting inspections of the subject damaged property and after having received Plaintiff's opinions, refused and/or failed to timely pay undisputed monies/funds owed to Plaintiff. Indeed, Defendant waited more than one year to pay undisputed damages in violation of Texas law.

56. Defendant failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. This conduct constitutes a violation of the *Texas Unfair Competition and Unfair Practices Act*, Tex. Ins. Code Sections 541.060(4).

57. Defendant refused to fully compensate Plaintiff under the terms of the policy, even though Defendant failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7). Specifically, Defendant failed and/or refused to consider the professional reports, confirming the damages were a result of the August 2014 earth movement event produced by the Plaintiff in their evaluation of the claims.

58. Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

59. Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen days of receiving notice of Plaintiff's claims. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

60. Defendant failed to accept or deny Plaintiff's claim within fifteen business days of receiving all required information in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

61. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claims from Defendant. Hence, Defendant is in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

62. From and after the time Plaintiff's claims were presented to Defendant, the liability of the Defendant to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitute breaches of the common law duty of good faith and fair dealing.

63. As a result of the Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

64. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendant in this case, are similar acts and omissions that occur with such frequency that they may constitute a general business practice for Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

### H.   CAUSES OF ACTION AGAINST DEFENDANT, AFFILIATED FM INSURANCE CLAIM

## COUNT I - BREACH OF CONTRACT

65. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through sixty-four as set forth above.

66. Defendant has a duty to indemnify Plaintiff from covered perils under the policy, *i.e.,* the August 2014 earth movement event.

67. Defendant has breached this duty and it has breached the terms of its policy of insurance by failing to pay the benefits due and owing under the policy for Plaintiff's claim. Such a breach has proximately caused damage to Plaintiff and Plaintiff demands full benefits due and owing under the policy.

68. Plaintiff has been damaged by failing to receive the full benefits due and owing under the policy for the damages to its building. *See* **Exhibit "4,"** and **Exhibit "5."**

69. Because of Defendant's refusal to pay all benefits due and owing under the policy of insurance, Plaintiff has retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services.

70. Plaintiff is entitled to full compensation for the loss to its covered property.

71. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to constitute a material breach of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorneys' fees and costs.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR COMPENSATION AND UNFAIR PRACTICES ACT

72. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through seventy-one as set forth above.

73. Defendant is an entity that is required to comply with Texas Insurance Code Sections 541.051; 541.060; 541.061; and 541.151.

74. Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. Texas Insurance Code Chapter 541. All violations under this article are made actionable by Texas Insurance Code Section 541.151.

75. Defendant failed to timely investigate Plaintiff's loss.

76. Defendant failed to reimburse Plaintiff for claim expenses.

77. Defendant failed to pay for the undisputed claim damages timely.

78. Defendant unreasonably relies on an exclusionary provision that does not apply in refusing to pay to repair Plaintiff's foundation.

79. Defendant has unreasonably refused to pay to repair Plaintiff's damaged foundation that is cracked in half.

80. Defendant waited more than one year after notice of Plaintiff's loss to pay undisputed benefits.

81. Defendant failed to provide Plaintiff with a copy of its estimate.

82. Defendant failed to fully explain why certain claimed damages were being paid while others were being denied.

83. Defendant's unfair practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue and the amount of the loss, constitute an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060, 541.061.

84. Defendant engaged in violation of Texas Insurance Code Section 541.051 *et seq*.
    (1)    misrepresentation and false advertising of policy contracts;
    (10)   unfair settlement practices; and
    (11)   misrepresentation of insurance policies.

85. Defendant engaged in unfair settlement practices with respect to Plaintiff's claim and violated Texas Insurance Code Section 541.060 *et. Seq.*

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A) a claim with respect to which the insurer's liability has become reasonably clear; or

(B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4) failing within a reasonable time to:

(A) affirm or deny coverage of a claim to a policyholder; or

(B) submit a reservation of rights to a policyholder;

(5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

(6) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

86. Defendant misrepresented the insurance policy to the Plaintiff, including the earth movement endorsement, and is in violation of Texas Insurance Code Section 541.061 *et seq.*

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

>> (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

87. Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

88. Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Ann. Sections 541.051, 541.060 and 541.061.

89. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance, Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

90. Defendant's unfair settlement practice, as described above, of refusing not to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

**COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"**

91. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through ninety as set forth above.

92. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

93. Defendant is an entity that is required to comply with Tex. Ins. Code Section 542.052 *et seq*.

94. Defendant's failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. Tex. Ins. Code Section 542.055 - 542.060.

95. Defendant failed to timely pay undisputed insurance benefits in waiting approximately one year upon receipt of Plaintiff's geotechnical report to tender undisputed benefits.

96. Defendant's delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a violation of prompt payment of the claims, Tex. Ins. Code Sections 542.055 - 542.060.

## COUNT IV – TEXAS DECEPTIVE TRADE PRACTICES ACT

97. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through ninety-six as set forth above.

98. Plaintiff brings forth each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

99. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

100. Defendant has violated the Texas Deceptive Trade Practices Act in the following manners:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiff was a consumer of insurance services or products of Defendant, and Plaintiff would show that Defendant's violations as set forth above, constitute a violation of the Texas Deceptive Trade Practices Act, causing Plaintiff damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT V - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

101. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one through one-hundred as set forth above.

102. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract.

103. Defendant's conduct was in direct contradiction of the applicable industry standards of good faith and fair dealing.

104. Defendant failed to provide Plaintiff with an estimate substantiating its payment to Plaintiff.

105. Defendant failed to cite to exclusionary provisions that Defendant is relying to not pay for claimed damages.

106. Defendant failed to fairly and fully investigate Plaintiff's claim requiring Plaintiff to expend more than $60,000 in claim expenses that eventually led to Defendant tendering undisputed benefits.

107. Defendant failed to pay undisputed insurance benefits for approximately one year. Despite Defendant's delay, Defendant failed to pay interest.

108. Defendant's failure to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

_____

## I.     DAMAGES AND PRAYER

109. WHEREFORE, PREMISES CONSIDERED, Plaintiff, OMNINET CAPITAL, LLC, complains of Defendant, AFFILIATED FM INSURANCE COMPANY and prays that, it be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

   i. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

   ii. For breach of contract against Defendant and Plaintiff is entitled to regain the benefit of its bargain, which is the amount of the claims, together with attorneys' fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

iii. For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendant, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorneys' fees. For knowing conduct of the acts complained of, Plaintiff asks for *three times* its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

iv. For noncompliance with *Texas Prompt Payment of Claims Act* by Defendant, Plaintiff is entitled to the amount of its claims, as well as *eighteen (18)* percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, Pursuant to Tex. Ins. Code Sec. 542.058 *et seq*. and 542.060 *et seq*.

v. For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

vi. The denial and/or wrongful delay to provide Plaintiff with the insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny and/or underpay insurance benefits to policyholders. In order to punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

### K. JURY DEMAND

110. Plaintiff respectfully demands a **trial by jury for all issues so triable**.

### L. REQUEST FOR DISCLOSURE

111. Pursuant to Rule 194, you are requested to disclose, within *fifty (50)* days of service of this request, the information or material requested in Rule 194.2(a)-(l).

Dated this 28th day of April, 2016.

Respectfully submitted,

By: _____
William F. Merlin, Jr., Esquire
Texas Bar No.: 24061792
Larry E. Bache, Jr.
Merlin Law Group, P.A.
Three Riverway, Suite 701
Houston, Texas 77056
Telephone: (713) 626-8880
Facsimile: (713) 626-8881
lbache@merlinlawgroup.com